■    In the Matter of JOHN MOSS et al., as Executors of JOSEPH H. MOSS, Deceased, Respondents-Appellants. REVUE THOMMEN, S. A., Appellant-Respondent.— Order dated August 7, 1967 is unanimously reversed, on the law and the facts, with $30 costs and disbursements to respondent-appellant, the stay of arbitration vacated, and the parties directed to arbitrate. The agreement containing the arbitration clause was signed by respondent-appellant and Moss, and its effectiveness as a contract between them was not impaired by the reference to the prospective formation of a new company. Whether the new company, when formed, was intended to be substituted for Moss is a matter for the arbitrators to determine, as is the claim by Moss that in any event he undertook no personal obligation in connection with the watch transactions or that, if he did, he was relieved of it by respondent-appellant's alleged default in delivery. Concur — Botein, P. J., Steuer, Capozzoli, McGivern and Macken, JJ.

■    PHILIP L. JOFFE, an Infant by His Guardian ad Litem, GUSSIE JOFFE, et al., Respondents, v. J. MORTIMER RUBENSTEIN, Appellant.— Defendant appeals from two orders, one entered April 4, 1968 which granted plaintiffs' motion to vacate a judgment entered on default, and the other entered March 14, 1968, which granted plaintiffs' motion to serve a further amended complaint. For convenience of disposition the appeals are consolidated with the following result. The orders are unanimously reversed on the law, with $50 costs and disbursements to appellant, and the motions denied as herein indicated. The motion to vacate the judgment is denied without prejudice and with leave to plaintiffs to make application at Special Term, upon proper papers and sufficient notice, to open the default (CPLR 5015, 2214, subd. [b]). The purported service of the papers was defective (*Andlou Props.* v. *Grayck,* 24 A D 2d 716). In the event the application is granted and the default opened, plaintiffs are granted leave to apply at Special Term for permission to serve a valid amended complaint on papers supported by factual affidavits (*Cushman & Wakefield* v. *John David, Inc.,* 25 A D 2d 133; CPLR 3211, subd. [e]). It is noted that this court in an earlier determination made in this action (24 A D 2d 752) granted leave to plaintiffs " to make a final application to Special Term, supported by a *proper* complaint, for leave to serve a further and third amended complaint " (italics added). The language there used requires the court, in the first instance, to pass upon the sufficiency of the proposed complaint and affidavits to determine if a cause of action is validly set forth. Concur — Stevens, J. P., Eager, Steuer, Capozzoli and McNally, JJ.